UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN J. MAYWEATHER-BROWN,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-542-RLM-MGG

MARK SEVIER,

    Defendant.

OPINION AND ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, filed a complaint. The Prisoner Litigation Reform Act gives authority to federal courts to allow plaintiffs to initiate actions without the prepayment of filing fees. 28 U.S.C. § 1915. That authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." See e.g., Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015). A dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is a strike for purposes of § 1915(g). Id. A prisoner who has accumulated three strikes can't proceed without a full prepayment of the filing fee unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Mr. Mayweather-Brown has accrued three strikes under the Prison Litigation Reform Act and can't proceed in this case without full payment of the filing fee, absent an allegation of imminent danger of serious physical injury. Nevertheless, the court granted him leave to proceed in forma pauperis based on allegations of extreme temperatures and inadequate ventilation. ECF 2. The

Warden filed a response, contesting the allegation of imminent harm with his sworn declaration. ECF 7. Mr. Mayweather-Brown replied that he had since been reassigned to a cell that was even more inhospitable. ECF 11. He alleged that the cell had no air conditioning and was covered in black mold and that he required medical treatment for mild asthma attacks caused by the cell conditions.

The Warden filed a second response, conceding that Mr. Mayweather-Brown had been reassigned but denying that the cell posed a substantial risk to Mr. Mayweather-Brown's medical condition. ECF 13. The Warden provides photographs of the cell vents and attests that the coloring near the vents and lights was not black mold but the remnants of material placed by inmates near the vents and lights to prevent proper operation. ECF 13-1. He further attests that the ventilation now functions properly in the cell. The Warden also provides temperature recordings that show that temperature in Mr. Mayweather-Brown's dormitory from August 6, 2018, to August 15, 2018, fluctuated between seventy degrees and seventy-five degrees Fahrenheit. ECF 13-2.

The Warden also attached the affidavit of Dr. Liaw, who has treated Mr. Mayweather-Brown for asthma since 2013. ECF 13-3. Dr. Liaw attests that Mr. Mayweather-Brown suffers from mild asthma and continues to receive treatment for this condition, including access to an inhaler, nebulizer treatments, allergy medication, and steroids. The Warden also submitted Mr. Mayweather-Browns' medical records from July 2017 to July 2018, which reflect that Mr. Mayweather-

Brown receives medical attention on a regular basis, often several times in a single week.[1] ECF 9.

The Warden challenges Mr. Mayweather-Brown's allegation of imminent danger of physical harm. The court of appeals has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). "If a defendant contests a plaintiff's imminent-danger allegations . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010) (citing Gibbs v. Roman, 116 F.3d 83 (3rd Cir. 1997)).

On this record, Mr. Mayweather-Brown's allegation of imminent harm of physical danger is not credible. The Warden has represented that there is no black mold in the cell and that the ventilation system is operational. He has submitted photographs and provided a reasonable explanation for the dark material near the vents and lights. The temperature logs reflect consistently tolerable temperatures in Mr. Mayweather-Brown's dormitory.

Additionally, medical evidence indicates that Mr. Mayweather-Brown's asthma is mild rather than severe and that he is receiving appropriate treatment for the condition. In his reply, Mr. Mayweather-Brown concedes that he had only

---

[1] The court allowed the Warden to file these medical records under seal but advised that it would reconsider once the imminent danger issue was fully briefed. ECF 10. Because it is now clear that the medical records are relevant to the parties' dispute and the court's resolution, these records will be unsealed. See Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013).

3

minor asthma attacks and doesn't contest that he has received appropriate treatment. The medical evidence indicates that Mr. Mayweather-Brown's asthma is a chronic condition, and there is no credible evidence that his cell conditions caused the recent mild asthma attacks. Because Mr. Mayweather-Brown's allegation of imminent danger isn't credible, he can no longer proceed in forma pauperis; instead he must pay the filing fee to proceed in this case.

As a final matter, Mr. Mayweather-Brown filed a motion for preliminary injunction related to an excessive force incident. ECF 14. "[T]he preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit." Oliver v. Lyerla, 2017 WL 3498789, at *2 (S.D. Ill. 2017) (citing Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). Though the allegations in this motion are serious, they bear no relevance to the claim in this case, which primarily concerns the quality of air in Mr. Mayweather-Brown's cell. Though Mr. Mayweather-Brown may be entitled to pursue this excessive force claim in another case, his motion in this case will be denied.

For these reasons, the court:

(1) VACATES the Order Granting Leave to Proceed In Forma Pauperis (ECF 2);

(2) DIRECTS the clerk to unseal the medical records (ECF 9);

(3) ORDERS Quintin J. Mayweather-Brown to pay the $400.00 filing fee by September 24, 2018; and

(4) DENIES the motion for a preliminary injunction (ECF 14).

4

If Mr. Mayweather-Brown doesn't pay the filing fee by September 24, 2018, this case will be dismissed without further notice.

SO ORDERED on August 24, 2018

/s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT
